Daniel Paul **CASEY**, Plaintiff,

v.

**CALMAR STEAMSHIP CORPORATION,**
Defendant.

**Civ. A. No. 1652.**

United States District Court
D. Delaware.
Feb. 23, 1956.

S. Samuel Arsht, John T. Gallagher, and George T. Coulson, of Morris, Steel, Nichols & Arsht, Wilmington, Del., and Joseph P. Flanagan, Jr., of Saul, Ewing, Remick & Saul, Philadelphia, Pa., for plaintiff.

Henry M. Canby and William A. Worth, Jr., of Richards, Layton & Finger, Wilmington, Del., for defendant.

WRIGHT, District Judge.

This is a diversity action by a stevedore for an alleged personal injury incurred while loading one of defendant's vessels in Philadelphia, Pennsylvania. The plaintiff is a citizen and resident of Pennsylvania, and the defendant, Calmar Steamship Corporation (hereinafter referred to as "Calmar"), is a corporation of the State of Delaware.

The action was commenced on October 11, 1954. On January 9, 1956, the matter was scheduled for trial on February 20, 1956. One month before the original trial date the defendant presented a motion to postpone the trial for a period of approximately six weeks because one of defendant's material witnesses would not return to the United States until that time. This court granted the motion on January 25, 1956 and rescheduled the trial for March 12, 1956. On January 27, 1956, less than a month prior to the original trial date and only about six weeks prior to the rescheduled trial date, defendant, moved to implead Nacirema Operating Company, Inc. (hereinafter referred to as "the stevedore company"), a New York Corporation. The basis for the impleader motion by Calmar is that the stevedore company is liable over to the original defendant on an indemnity principle by reason of the recent Supreme Court decision in Ryan Stevedoring Co., Inc., v. Pan-Atlantic Steamship Corporation.[1]

The court is now concerned with the disposition of Calmar's motion to implead the stevedore company as a third-party defendant.

■■ Defendant's impleader motion was made under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C. Since this motion was made after answer, the court in the exercise of its discretion must determine the propriety of granting the impleader motion.[2] The exercise of discretion by the court requires weighing the desirability of impleader, which would result in avoiding a circuity of action, with concomitant advantages of less expense, less time consumption and non-duplication of issues, against the undesirability of delay of trial detrimental to the interests of plaintiff.[3]

■■ A motion to implead must be timely but whether it is or not depends upon the facts of a particular case.[4] If no explanation were offered by the defendant, Calmar, as to why its impleader motion was not made at an earlier date, the court would dismiss the motion as dilatory. However, the status of the law until early January, 1956 provided ample explanation for the timing of defendant's motion. Prior to the decision of the Supreme Court on January 9, 1956, in Ryan Stevedoring Co., Inc., v. Pan-Atlantic Steamship Corpo-

1. 1956, 350 U.S. 124, 76 S.Ct. 232.

2. Wetherbee v. Elgin, Joliet & Eastern Ry. Co., 7 Cir., 1951, 191 F.2d 302, 312; 3 Moore's Federal Practice § 14.05.

3. Concordia College Corp. v. Great American Ins. Co., D.C.D.Minn.1953, 14 F.R.D. 403; Baldin v. Hartford Accident & Indemnity Co., D.C.D.Neb.1953, 14 F.R.D. 504. The interest of plaintiff is a proper one to consider, Lee's Inc., v. Transcontinental Underwriters of Transcontinental Ins. Co. (Samuel R. Rosoff, Limited), D.C.D.Md.1949, 9 F.R.D. 470.

4. Reid v. C. H. Cronin, Inc., D.C.S.D.N.Y. 1955, 21 F.R.S. 14(a) .132, case No. 1; United States v. Shuman, D.C.N.D.W.Va. 1940, 1 F.R.D. 251.

ration,[5] there was some basis upon which to ground a belief that a shipowner who had been sued by a stevedore could not under the terms of the Longshoremen's and Harbor Workers' Compensation Act [6] implead the stevedore's employer unless some express indemnification agreement between the employer and the shipping company could be set forth.[7] Thus it cannot be said Calmar's impleader motion was for purposes of delay. Absence of a dilatory motive on the part of the defendant, while commendable, is not sufficient reason for the court to exercise its discretion in favor of defendant, when in fact, delay of trial must result if defendant's motion is granted.

If defendant, Calmar, has a valid claim against the stevedore company, denial of Calmar's motion will not foreclose Calmar from instituting a separate action against the stevedore company for any damages sustained by it in the event plaintiff prevails in this action. Since the defendant, Calmar, is not foreclosed from redress, the court in the exercise of its discretion will deny the defendant's motion to implead the stevedore company as being untimely since the motion was made on the eve of trial.[8]

While the exercise of the court's discretion is predicated upon objection to the timing of the impleader motion of the defendant, Calmar, it is well to note the nature of the delay which would probably accompany a granting of defendant's motion. In the first instance, the trial already listed would have to be postponed in order to allow the impleaded stevedore company to answer and prepare for trial.

Additional delay also might result because the impleaded party could, if it so desired, raise a very serious service of process objection. The Delaware statute under which substituted service of process is proposed,[9] indicates that substituted service under the provisions of the statute shall be employed only where the injury arises or grows out of business transacted by the foreign corporate defendant within the State of Delaware. Since plaintiff's injury arose out of business transacted in Pennsylvania it is difficult to visualize how service of process could be made so as

5. 1956, 350 U.S. 124, 76 S.Ct. 232.

6. 33 U.S.C.A. § 901 et seq.

7. Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Halcyon Lines v. Haenn Ship Ceiling and Refitting Corp., 1952, 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318; Pope & Talbot, Inc., v. Hawn, 1953, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143; see dissent in Ryan Stevedoring Co., Inc., v. Pan-Atlantic Steamship Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 244, where Mr. Justice Black writing for the four dissenters stated, " * * * rights of longshoremen and their employers recognized by this Court in Sieracki, Halcyon, and Pope & Talbot are taken away. In effect the Sieracki case is rejected."

8. Reid v. C. H. Cronin, Inc., 21 F.R.S. 14(a) .132, case No. 1 (S.D.N.Y.1955); Federal Deposit Ins. Corp. v. National Surety Corp., D.C.E.D.Wis.1950, 13 F.R.D. 201, motion timely, case not yet put down on the trial list; Spaulding v. Parry Navigation Co., Inc., D.C.S.D.N.Y.1950, 10 F.R.D. 290—fourth party defendant; Bull v. Santa Fe Trail Transportation Co., D.C.D.Neb.1946, 6 F.R.D. 7; United States v. Shuman, D.C.N.D.W.Va.1940, 1 F.R.D. 251. But cf. Bernstein v. N. V. Nederlandsche-Amerikaansche Stoomvaart-Maatschappij, D.C.S.D.N.Y.1946, 6 F.R.D. 297.

9. Title 8 Del.Code, Subchapter XIV, § 353(a) reads as follows:
"Any foreign corporation which shall transact business in this State without having qualified to do business under section 341 of this title shall be deemed to have thereby appointed and constituted the Secretary of State of this State, its agent for the acceptance of legal process in any civil action, suit, or proceeding against it in any State or Federal Court in this State arising or growing out of any business transacted by it within this State. The transaction of business in this State by such corporation shall be a signification of the agreement of such corporation that any such process when so served shall be of the same legal force and validity as if served upon an authorized officer or agent personally within this State."

to effectively meet the probable objection by the proposed impleaded stevedore company.

Disposition of this theoretical service of process objection would at least entail additional delay and, possibly result in dismissal of the proposed impleaded party. The end result would then be detrimental delay to plaintiff without avoiding the undesirable circuity of action. Such a result would not be in accordance with the directive contained in Rule 1 of the Federal Rules of Civil Procedure to secure the just, speedy and inexpensive determination of every action.

Motion denied.

An order in accordance herewith may be submitted.