ELLIS v LAUTER

Docket No. 78-853. Submitted June 7, 1979, at Detroit.—Decided
September 10, 1979.

On February 18, 1971, plaintiff, Hazel Ellis, had surgery per-
formed upon her by defendant Eric Lauter, M.D., at defendant
Metropolitan Hospital. On November 9, 1976, plaintiff com-
menced an action against defendants alleging that Dr. Lauter
negligently severed the right superficial nerve in plaintiff's
neck during that operation at Metropolitan Hospital. Defen-
dants moved for accelerated judgment on the basis that the
plaintiff's action was barred by the statute of limitations. Defen-
dants argued that the last day of treatment and the latest
date upon which the plaintiff discovered, or should have discov-
ered, the alleged malpractice was more than two years prior to
the commencement of the action. Plaintiff asserted that she
first discovered the alleged malpractice upon a visit to a neuro-
surgeon one year prior to commencing this action. The Wayne
Circuit Court, Horace W. Gilmore, J., granted the motion for
accelerated judgment. Plaintiff appeals. Held:

1. The accrual period for the two year medical malpractice
statute of limitations commences on the date of discontinuance
of treatment or on the date the patient discovers, or in the
exercise of reasonable diligence should have discovered, the
asserted malpractice, whichever is later. As a general rule,
accelerated judgment based upon the running of the statute of
limitations should not be granted where there is a material
factual dispute regarding the date of discovery of the alleged
malpractice.

2. It was error to grant defendants' motion for accelerated

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 180 *et
seq.*

Medical malpractice: amendment purporting to change the nature
of the action or theory of recovery, made after statute of limita-
tions has run, as relating back to filing of original complaint. 70
ALR3d 82.

Statute of limitations applicable to malpractice action against
physicians, surgeon, dentist, or similar practitioner. 80 ALR2d
320.

[2, 3] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 183.

judgment on the basis of the running of the statute of limitations, since there was a material factual dispute as to whether plaintiff discovered, or should have discovered, the alleged malpractice more than two years prior to commencing her action.

Reversed and remanded.

1. LIMITATION OF ACTIONS — MALPRACTICE — PHYSICIANS AND SURGEONS — ACCRUAL OF ACTION — DISCOVERY OF MALPRACTICE — STATUTES.

The accrual period for the two year medical malpractice statute of limitations commences on the date of discontinuance of treatment or serving of the patient or on the date the patient discovers, or in the exercise of reasonable diligence should have discovered, the asserted malpractice, whichever is later (MCL 600.5805; MSA 27A.5805).

2. LIMITATION OF ACTIONS — ACCELERATED JUDGMENT — DISCOVERY OF MALPRACTICE — FACTUAL DISPUTE.

It is improper, as a general rule, to grant accelerated judgment on the basis of the running of the statute of limitations in a malpractice action where there is a material factual dispute regarding the date of discovery of the alleged malpractice.

3. LIMITATION OF ACTIONS — ACCELERATED JUDGMENT — PHYSICIANS AND SURGEONS — DISCOVERY OF MALPRACTICE — FACTUAL DISPUTE — APPEAL AND ERROR.

It is error to grant accelerated judgment on the basis of the running of the statute of limitations in a medical malpractice action where the alleged malpractice occurred prior to July 9, 1975, and there is a factual dispute as to whether the patient discovered the alleged malpractice one year or more than two years prior to commencing the malpractice action.

*Rifkin, Kingsley & Rhodes, P.C.* (by *James M. Rifkin* and *Roy A. Williams*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *D. J. Watters* and *Christine D. Oldani*), for defendants.

Before: N. J. Kaufman, P.J., and Bronson and A. E. Moore,* JJ.

Per Curiam. This is a medical malpractice case which arose out of surgery performed upon the plaintiff by defendant Dr. Lauter at defendant Metropolitan Hospital on February 18, 1971. The plaintiff filed a complaint on November 9, 1976, alleging that the defendant doctor negligently severed the superficial right nerve of the plaintiff's neck during this operation. The defendants filed a motion for accelerated judgment asserting that the plaintiff's action was barred by the statute of limitations. This motion was granted on February 1, 1978, and the case was dismissed. The plaintiff now appeals by right. We reverse on the ground that a question of fact existed as to when the plaintiff discovered or should have discovered the alleged malpractice; and, therefore, accelerated judgment was improper.

Medical malpractice cases have a two year statute of limitations, MCL 600.5805; MSA 27A.5805. The applicable accrual period[1] was stated in Dyke v Richard, 390 Mich 739, 747; 213 NW2d 185 (1973):

"[W]e hold that an action based on malpractice by a state licensed person must be brought within two years of the time when such person discontinues treating or otherwise serving the plaintiff, or within two years of the time when the plaintiff discovers, or in the exercise

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] It should be noted that the accrual period for the two year medical malpractice statute of limitations provided in MCL 600.5838; MSA 27A.5838 (effective July 9, 1975) and which would effectively bar the plaintiff's action, is not applicable in this case. See MCL 600.9905(1); MSA 27A.9905; Winfrey v Farhat, 382 Mich 380; 170 NW2d 34 (1969).

of reasonable diligence should have discovered, the asserted malpractice, whichever is later."

The general rule is that accelerated judgment grounded on the statute of limitations is improper where material factual disputes exist regarding discovery of the asserted malpractice. *Winfrey v Farhat,* 382 Mich 380; 170 NW2d 34 (1969), *Kelleher v Mills,* 70 Mich App 360; 245 NW2d 749 (1976).

The plaintiff's position is that she did not discover the malpractice in this case until she visited a neurosurgeon one year prior to filing suit. The defendants argue that, based only upon the facts stated in the plaintiff's deposition, it is clear that she discovered or should have discovered any malpractice at the latest on March 18, 1974, more than two years prior to suit.

In this case, the plaintiff stated in her deposition that immediately after the operation she could not swallow or control her mouth, which was drooping. This condition is still bothering her. After her operation, the plaintiff saw the defendant doctor and complained about the numbness.

The plaintiff went to see the defendant doctor on March 18, 1974, and complained that she had numbness under her chin, a dimple that was not there before and a funny feeling when she yawned.

Regarding that meeting, the plaintiff, in her response to a question relative to whether it was on that date that Dr. Lauter told her that he had done nothing, stated: "Yes, right, he said, 'I didn't do nothing wrong.' "

The defendants' position is that, since the plaintiff complained to the defendant doctor on March 18, 1974, she had *as a matter of law* "discovered"

the malpractice and the statute of limitations began running from that date.

The defendants rely upon *Patterson v Estate of Flick,* 69 Mich App 101; 244 NW2d 371 (1976), in support of their position. In that case, the defendant doctor severed the plaintiff's femoral nerve while removing her appendix. Immediately following the operation, the defendant informed the plaintiff that he had severed her nerve. The plaintiff then experienced paralysis and numbness in her right leg. However, she did not file suit until four and a half years after the operation. In that case, this Court found that the trial court had properly granted accelerated judgment on the ground that the action was barred by the statute of limitations. Discovery, as a matter of law, occurred when the defendant informed the plaintiff that he had severed her nerve.

We find that the facts in *Patterson* are distinguishable from the facts in this case. Here, the defendant doctor never told the plaintiff that he had committed an error. In fact, when the plaintiff returned to the defendant doctor, the defendant doctor specifically stated that he had done nothing wrong.

*Patterson* clearly met the threshold test established in *Winfrey, supra,* as to when a trial court can grant a motion for accelerated judgment based on the statute of limitations in medical malpractice cases. There was no material factual dispute regarding discovery of the malpractice.

However, in this case, unlike *Patterson,* there is a material factual question. Moreover, the facts presented to the hearing court clearly delineate the two positions taken.

*Weiss v Bigman,* 84 Mich App 487; 270 NW2d 5 (1978), is directly on point. In that case, the plain-

tiff asserted that he did not discover the alleged malpractice until August of 1974. However, the defendants maintained that the plaintiff discovered the malpractice in February of 1974.

In that case, the Court stated:

"Both plaintiff and defendants disagree as to when the plaintiff should have discovered the alleged malpractice. Thus, there is a material issue of fact regarding the discovery date of the asserted malpractice.

"In *Kelleher v Mills,* 70 Mich App 360, 365; 245 NW2d 749 (1976), this Court held:

" 'Accelerated judgment grounded on the statute of limitations is improper where material factual disputes exist regarding discovery of the asserted malpractice. *Winfrey v Farhat,* 382 Mich 380; 170 NW2d 34 (1969), *Cates v Frederick W Bald Estate,* 54 Mich App 717; 221 NW2d 474 (1974), *lv den,* 394 Mich 758 (1975).'

"Thus, the trial court erred in granting defendants' motion for accelerated judgment because the date of discovery was a material issue of fact that should have been left for a jury." *Weiss, supra,* 494.

Under the circumstances of this case, the trial court erred in granting the defendants' motion for accelerated judgment based on the statute of limitations. Here, there was a material factual dispute regarding discovery of the alleged malpractice.

Reversed and remanded.