GOODWIN v SCHULTE

Docket No. 53949. Submitted October 13, 1981, at Detroit.—Decided April 21, 1982.

Albert Goodwin brought a legal malpractice action against Edward J. Schulte in Oakland Circuit Court. Defendant asserted the defense that the statute of limitations barred the action. He also brought a motion for partial summary judgment seeking to strike plaintiff's claim of damages for mental anguish. The court, Alice L. Gilbert, J., ruled that the court lacked jurisdiction to pass upon the motion for partial summary judgment because plaintiff failed to allege a negligent act occurring within the two-year period prior to the commencement of the action. The court *sua sponte* dismissed the action on the basis of lack of jurisdiction because of plaintiff's failure to comply with the statute of limitations. Plaintiff appeals, contending that the limitation defense was waived by defendant's failure to move to dismiss and that the trial court had no authority to enter an order of accelerated judgment on its own. *Held:*

1. The limitation defense was not waived by defendant's failure to move to dismiss. An available defense may be raised as if by motion when included in an answer and need not be brought by a separate motion.

2. Given that the two-year tolling provision is applicable in this case, the fact that the trial court never determined when plaintiff actually did discover, or should have discovered, the malpractice, and that discovery may yet uncover further pertinent facts, the trial court erred in granting accelerated judgment. A question remains concerning when plaintiff did discover or, through the exercise of reasonable diligence, should have discovered the basis for the alleged malpractice. If further

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions § 454.
[2] 61A Am Jur 2d, Pleading §§ 230, 232.
   73 Am Jur 2d, Summary Judgment § 28.
[3] 20 Am Jur 2d, Courts § 86.
[4, 5] 7 Am Jur 2d, Attorneys at Law § 221.
   When statute of limitations begins to run upon action against attorney for malpractice. 18 ALR3d 978.

discovery cannot definitively resolve when plaintiff knew or should have known about the basis for the alleged malpractice, accelerated judgment should not be granted. Instead, the material issue of fact regarding the discovery date of the asserted malpractice must be submitted to the factfinder for resolution.

Reversed and remanded for proceedings consistent with the Court of Appeals opinion.

1. LIMITATION OF ACTIONS — PLEADING — MOTIONS AND ORDERS — COURT RULES.

A statute of limitations defense may be raised in a party's first responsive pleading or by motion filed not later than his first responsive pleading (GCR 1963, 116.1).

2. ACTIONS — DEFENSES — ACCELERATED JUDGMENTS — COURT RULES.

Any defense or objection raised under the court rule permitting accelerated judgment, whether raised in a responsive pleading or by motion, may be noticed for hearing by either party as if raised by motion (GCR 1963, 116.3).

3. COURTS — SUPREME COURT — COURT RULES — JUDICIAL CONSTRUCTION.

Doctrines of statutory construction may be applied to ascertain the Supreme Court's intention in promulgating a court rule.

4. LIMITATION OF ACTIONS — LEGAL MALPRACTICE.

The limitation period of an action charging legal malpractice is two years from the date the plaintiff discovers or should have discovered through the exercise of reasonable diligence that malpractice had occurred in cases where the alleged malpractice occurred prior to July 9, 1975; in cases where the alleged malpractice occurred after July 9, 1975, the limitations period is six months after the date the plaintiff discovers or should have discovered the existence of the claim, whichever is later (MCL 600.5838; MSA 27A.5838).

5. LIMITATION OF ACTIONS — LEGAL MALPRACTICE — "LAST SERVICE".

"Last service" for the purpose of the limitation period in legal malpractice cases occurs on the date on which the attorney is formally relieved by order of the court or the date on which the client has relieved the attorney of further obligation by virtue of discharging the attorney.

*David M. Caplan,* for plaintiff.

*James K. Thome,* for defendant.

Before: MacKenzie, P.J., and Bronson and Beasley, JJ.

Bronson, J. Plaintiff filed suit against defendant in the Oakland County Circuit Court alleging legal malpractice. The trial court *sua sponte* dismissed the action in an order dated June 23, 1980, on the basis that the period of limitation had run. GCR 1963, 116.1(5). From this order, plaintiff appeals as of right.

In 1971, plaintiff became interested in forming a corporation for the purpose of investing in real estate. Plaintiff had been the president and controlling shareholder of another company, Comet Electric and Construction, for approximately 25 years and had some experience with real estate investments. Plaintiff had employed defendant on several occasions over the years and sought his advice concerning the formation of the new corporation, ultimately known as Independence, Inc. (Independence).

On several occasions during 1971 and 1972, plaintiff and defendant discussed the proposed operations of Independence. Independence intended to buy real estate on land contract as a general partner, retaining a 30% interest, and to sell portions of the remaining 70% interest in each parcel of realty to limited partners. Plaintiff asked defendant to advise him on the legality of the operation for "plaintiff's protection". Defendant was plaintiff's sole legal advisor on the legality of the proposed operations. Plaintiff also sought advice from defendant concerning the ramifications of the partnership agreements and his potential liability to the limited partners. The remaining principals in Independence hired a second attorney to set up and advise the corporation.

Defendant did not hold himself out as an expert in corporate and securities law. However, he assured plaintiff that he was able to handle the matter. At no time before plaintiff committed himself to involvement in the corporation did defendant advise him that the Michigan Uniform Securities Act (hereinafter MUSA), MCL 451.501 *et seq.;* MSA 19.776(101) *et seq.,* was applicable to Independence's operations. Incorporation was completed by 1972.

In early 1973, Independence ran short of funds. Plaintiff's company, Comet Electric, loaned Independence $35,000. The loan was to be paid off one year later. In fact, the loan was not repaid when due. Relations between plaintiff and the other principals in Independence deteriorated throughout 1974. Plaintiff hired defendant to file a suit in Comet Electric's name against Independence. Plaintiff also had defendant institute a shareholder's derivative action against Independence. In connection with these lawsuits, defendant informed plaintiff for the first time in mid-1974 that MUSA "could be a factor in the carrying on of the business of Independence".

Due to his distrust of the other corporate principals, plaintiff went to the Corporation and Securities Bureau of the Michigan Department of Commerce (the bureau) and asked for and investigation. The bureau issued a cease and desist order on July 25, 1975, directing Independence to refrain from selling any further unregistered shares or interests in its properties. Plaintiff indicated that before he went to the bureau, he had no idea that a cease and desist order would be issued. The order constituted a major cause of Independence's inability to repay the overdue loan.

On July 22, 1977, plaintiff filed the complaint

which serves as the basis of this suit. Plaintiff averred that defendant wrongly advised him concerning the legality of Independence's proposed operations and failed to advise him that MUSA was applicable to the corporate workings. Plaintiff also asserted that, had he been properly advised, he would not have become involved with Independence nor loaned the corporation $35,000 through Comet Electric.

Among the affirmative defenses asserted by defendant was that the action was barred because the period of limitation had run. Defendant's answer further stated that a "motion for summary judgment" would be brought on this basis before the start of trial. Defendant, after some two years of discovery, did bring a motion for partial summary judgment, seeking to strike plaintiff's claim of damages for mental anguish. At this time, the circuit court *sua sponte* entered judgment against plaintiff, finding the entirety of the action barred by the limitation embodied in MCL 600.5805(4); MSA 27A.5805(4).

Plaintiff first asserts that the trial court's order granting accelerated judgment in favor of defendant must be reversed due to procedural irregularities. Specifically, plaintiff argues that: (1) the statute of limitations defense was waived by defendant's failure to move to dismiss and (2) the trial court had no authority to enter an order of accelerated judgment on its own. We will address these procedural claims in turn.

In our opinion, the statute of limitations defense was not waived. GCR 1963, 116.1 requires that this defense be raised "[i]n a party's first responsive pleading, or by motion filed not later than his first responsive pleading". Plaintiff would have this Court treat the "or" in the quoted excerpt as if it

meant "and". We reject such a construction of the unambiguous language in issue. Compare, *Thomas Industries, Inc v Wells,* 403 Mich 466, 469; 270 NW2d 98 (1978), *Kengel v Palco,* 90 Mich App 338, 340-341; 282 NW2d 312 (1979).

We also note that GCR 1963, 116.3 provides that "[a]ny defense or objection raised under this rule, whether in a responsive pleading or by motion, *may* be noticed for hearing by either party as if raised by motion". (Emphasis supplied.) Doctrines of statutory construction are properly applied to ascertain the Supreme Court's intention in promulgating a rule. *People v Lange,* 105 Mich App 263, 266; 306 NW2d 514 (1981), *Cleveland-Cliffs Iron Co v First State Ins Co,* 105 Mich App 487, 493-494; 307 NW2d 78 (1981). The use of the term "may" connotes discretion. *Law Dep't Employees Union v Flint,* 64 Mich App 359, 368; 235 NW2d 783 (1975). GCR 1963, 116.3 is correctly construed as allowing an available defense under GCR 1963, 116.1 to be raised as if by motion when included in the answer and not as requiring a separate motion.

Plaintiff also asserts that, in any case, since neither party asked the court to rule on the defense of limitation, it erred reversibly in doing so. The lower court relied on *Benson v State Hospital Comm,* 316 Mich 66; 25 NW2d 112 (1946), in determining that it had power on its own to determine whether the interposed defense barred the suit. We agree with plaintiff that *Benson* is not compelling authority for the trial court's action. In *Benson,* the defense at issue was before the Court of Claims by a motion to dismiss. In this case, however, no motion was before the court nor had the asserted affirmative defense in defendant's answer been noticed for hearing. Moreover, *Ben-*

*son* involved an entirely different factual scenario. There, the question was whether a statute amending the Court of Claims Act resulted in a violation of the title-object clause of Michigan's Constitution[1] and whether the Court of Claims was thereby deprived of jurisdiction to consider the defense of governmental immunity.

We need not resolve whether any other case law, statute, or court rule does indeed empower the court to determine on its own whether a defense might bar a suit. Whether or not the court erred, it would be a waste of judicial resources to reverse on this basis since defendant would simply move for a hearing below on the statute of limitations defense asserted in his answer. If the lower court again entered an order dismissing the case, as would be most likely, we would only have delayed the inevitable: namely, deciding whether the statute of limitations bars plaintiff's case.

We now turn to the substantive merits of this dispute. MCL 600.5805(4); MSA 27A.5805(4) provides that the limitation period for an action charging malpractice is two years. This statute is applicable to actions alleging legal malpractice. *Sam v Balardo,* 411 Mich 405; 308 NW2d 142 (1981).

Prior to July 9, 1975, MCL 600.5838; MSA 27A.5838 provided as follows concerning the time at which a cause of action averring malpractice accrues:

"A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose."

[1] Now embodied in Const 1963, art 4, § 24.

Under this version of the accrual statute, the Supreme Court held that an action for malpractice can be brought within two years of the date from which plaintiff discovers or should have discovered through the exercise of reasonable diligence that malpractice had occurred. *Dyke v Richard*, 390 Mich 739, 747; 213 NW2d 185 (1973).

Effective July 9, 1975, however, MCL 600.5838; MSA 27A.5838 was amended to provide:

"(1) A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession, intern, resident, registered nurse, licensed practical nurse, registered physical therapist, clinical laboratory technologist, inhalation therapist, certified registered nurse anesthetist, X-ray technician, hospital, licensed health care facility, employee or agent of a hospital or licensed health care facility who is engaging in or otherwise assisting in medical care and treatment, or any other state licensed health professional, accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

"(2) An action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. The burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition or otherwise, neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim shall be on the plaintiff. A malpractice action which is not commenced within the time prescribed by this subsection is barred."

Plaintiff asserts that his earliest date of discov-

ery of the malpractice was when the bureau issued the cease and desist order, that is: July 25, 1975. Thus, if the post-July 9, 1975, amendment to MCL 600.5838; MSA 27A.5838 is controlling in this case, the circuit court correctly granted accelerated judgment since suit was not actually brought until July 22, 1977.

In *Boyer v Vandenbrink*, 98 Mich App 772; 293 NW2d 687 (1980), *lv den* 410 Mich 888 (1981), this Court held that the preamendment version of MCL 600.5838; MSA 27A.5838 applied in cases where the alleged malpractice occurred prior to July 9, 1975, even though the basis of the action was not discovered until sometime after July 9, 1975. Thus, in *Boyer,* the Court held that plaintiffs had two years to file suit from the date of the discovery of the cause of action, and their claim was not barred even though discovered after July 9, 1975, where suit was filed more than six months after the date of discovery.[2] See, also, *Farris v Beecher,* 85 Mich App 208; 270 NW2d 658 (1978).

Given that the two-year tolling provision is applicable in this case, the fact that the trial court never determined when plaintiff actually did discover, or should have discovered, the malpractice, and that discovery may yet uncover further pertinent facts, we believe that the trial court erred in granting accelerated judgment, at least, at this time.[3]

---

[2] Thus, MCL 600.5838; MSA 27A.5838 is both an accrual and a tolling statute. The cause of action accrues when the malpractice actually occurs. Under *Dyke, supra,* the limitation period embodied in MCL 600.5805; MSA 27A.5805 is tolled until the malpractice is discovered or reasonably could be discovered. With the July 9, 1975, addition of § 2 to MCL 600.5838; MSA 27A.5838, the tolling period of the statute is reduced to six months from the two years established by *Dyke.* Nonetheless, since the action in *Boyer* actually accrued before the amendment, the old tolling period from *Dyke* was deemed applicable.

[3] The trial court stated that the complaint was deficient in that it

It is not clear on the present record, despite the lower court's finding, that defendant did not render plaintiff any services within two years of the date suit was filed. Defendant admitted in his deposition that he continued to represent plaintiff in connection with the cease and desist order issued by the bureau on July 25, 1975. It is conceivable that the services rendered in respect to the order could be considered a continuation of the services performed in 1971 and 1972 relative to the incorporation of Independence. As such, the following excerpt from *Berry v Zisman,* 70 Mich App 376, 379; 245 NW2d 758 (1976), may be applicable and preclude accelerated judgment on the statute of limitation defense:

"It has been held that 'last service' for the purpose of the statute, MCL 600.5838; MSA 27A.5838, in legal malpractice cases occurs on the date on which the attorney is formally relieved by order of the court or the date on which the client has relieved the attorney of further obligation by virtue of discharging the attorney."

Additionally, a question remains concerning when plaintiff did discover, or, through the exercise of reasonable diligence, should have discovered, the basis for the alleged malpractice. In its judgment dismissing the case, the trial court did not address the issue of when plaintiff could have

did not clearly allege that plaintiff discovered the applicability of MUSA only after the bureau issued its cease and desist order. To the extent that the complaint is deficient, plaintiff should have been given an opportunity to amend it as he requested. GCR 1963, 118.1. Pursuant to the court rule, unless amendment would impair the adverse party's right to a fair trial, it should be allowed. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973). In the instant case, the record reveals that defendant was aware that plaintiff was alleging that he only learned of the asserted malpractice after the bureau issued its cease and desist order.

or did discover the malpractice. On the record at hand, we are unable to conclude that plaintiff's action is barred by the defense of limitation. If further discovery cannot definitively resolve when plaintiff did know, or should have known, about the basis for the alleged malpractice, accelerated judgment should not be granted. *Ellis v Lauter,* 93 Mich App 584, 588-589; 287 NW2d 192 (1979). Instead, the material issue of fact regarding the discovery date of the asserted malpractice must be submitted to the factfinder for resolution.

Reversed and remanded for proceedings consistent with this opinion.

Judge BEASLEY concurs in the result only, believing there was an insufficient basis at the time for a *sua sponte* grant of accelerated judgment.