## KOLTON v. NASSAR.

1. TRIAL—PRETRIAL STATEMENT—PLEADING—ISSUES.
   The trial court's pretrial statement is designed to simplify and narrow the issues and, therefore, excludes defenses not therein mentioned, even though mentioned in defendant's answer (Court Rule No 35, § 4 [1945]).

2. SAME—ABANDONMENT OF DEFENSE—PRETRIAL STATEMENT.
   Defendant's claimed defense to plaintiff's action on construction contract that plaintiff had not filed a sworn statement required by contractors under the lien law before commencement of suit is deemed to have been abandoned by defendant, where raised by a motion to dismiss that was never brought on for hearing and while such ground was asserted as an affirmative defense in defendant's answer, no mention thereof was included in the trial court's pretrial statement and there was no modification of such pretrial statement, and it appears that 2 such sworn statements were furnished defendant's attorney by plaintiff before trial (CL 1948, § 570.4; Court Rule No 35, § 4 [1945]; Wayne Circuit Court Rules, Part 2, Rule 4).

3. SAME—PRETRIAL STATEMENT—SUBSEQUENT COURSE OF ACTION.
   The trial court's pretrial statement controls the subsequent course of the action and reserves no issue presented by the pleadings but not restated in the pretrial statement (Court Rule No 35, § 4 [1945]).

4. SAME—ABANDONED DEFENSES—PRETRIAL STATEMENT—MODIFICATION.
   The trial court's refusal to permit consideration of a defense raised by the pleadings but abandoned before pretrial confer-

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial § 11.
[3] 53 Am Jur, Trial § 11.
Binding effect of court's order entered after pretrial conference. 22 ALR2d 599.

ence and issuance of pretrial statement by the trial court did not constitute a manifest injustice requiring the modification of the pretrial statement (Court Rule No 35, § 4 [1945]).

Appeal from Wayne; Hadsell (Philip A.), J., presiding. Submitted January 17, 1958. (Docket No. 10, Calendar No. 47,222.) Decided April 15, 1958.

Action by Harry Kolton, doing business as Kolton General Contractor, against Al. H. Nassar and Wanda Nassar, doing business as Nassar Appliance, for sums due on building contract. Directed verdict and judgment for defendants. Plaintiff appeals. Reversed and remanded for new trial on issues framed by pretrial statement.

*John T. McWilliams*, for plaintiff.

*Marvin A. Smith* and *David Polasky*, for defendants.

DETHMERS, C. J. The parties entered into a contract for construction of a building by plaintiff for defendants Nassar for a specified sum. On October 15, 1954, he brought this suit for damages for breach of contract and sums claimed due thereunder. In response to a subsequent verbal request of defendants' attorneys, plaintiff, on November 2, 1954, furnished defendants with the sworn statement required of contractors under the lien law (CL 1948, § 570.4 [Stat Ann 1953 Rev § 26.284]), and on or about June 15, 1955, at defendants' request, he furnished them with an additional, more complete, sworn statement. In the meanwhile, on November 3, 1954, defendants had filed a motion to dismiss on the ground that plaintiff had not furnished them with such statutory sworn statement before commencement of suit. This motion was never brought on for hearing. The same ground was asserted as an affirmative defense

in defendants' answer filed on December 16, 1954.
Pretrial discovery and conference proceedings en-
sued.   On March 7, 1956, the judge signed and filed
a pretrial statement.   The statement set forth plain-
tiff's claims and then stated defendants' claims and
position as follows:

"The defendants admit the execution of the con-
tract in the first instance, they deny any breach of
the written contract, and insist affirmatively that the
plaintiff himself abandoned the contract on or about
August 20, 1954, when the building was less than 1/2
completed, insist that the plaintiff ceased work on
the building and notified the building department of
the city of Dearborn to cancel its permit, insist
further that the plaintiff himself failed to carry out
the terms of the contract in that he failed to com-
plete the building within the time promised and that
he was guilty of inefficient and poor workmanship
in that he failed specifically in various items as set
forth in his paragraphs entitled 'breach of contract
by plaintiff,' and that the plaintiff therefore owes
the defendant a balance of $4,477.89, which the plain-
tiff denies, all of which raises the principal issue for
the trial court."

No mention or reference to the defense of plain-
tiff's failure to furnish the statutory sworn state-
ment before commencing suit is contained in the pre-
trial statement.

Michigan Court Rule No 35, §§ 4, 5 (1945), pro-
vides for establishment, by rule of the trial court, of
pretrial calendars and the calling of pretrial con-
ferences "to consider the simplification of the issues"
and other matters.   This has been implemented in
Wayne county circuit by Part 2, Rule 4.   Court Rule
No 35, § 4, provides that upon holding of the pretrial
conference the court shall file a pretrial statement
or summary of results of the conference "which
statement shall control the subsequent course of the

action or proceedings unless modified at or before the trial to prevent manifest injustice." No such modification occurred here.

A jury trial took place on April 2, 1956. At the close of plaintiff's proofs, on motion of defendants, the court directed a verdict for them, on the authority of *Barnard* v. *McLeod,* 114 Mich 73, for the reason that plaintiff had not furnished them with the statutory sworn statement before filing suit. From the directed verdict and order denying his motion for new trial plaintiff appeals, praying that we reverse the trial court and remand for new trial.

Plaintiff contends that the pretrial statement simplified and narrowed the issues, excluding defenses not therein mentioned and particularly the defense asserted in defendants' answer relating to plaintiff's failure to furnish the sworn statement before suit. This defense plaintiff says the defendants, in effect, abandoned before trial by never bringing their motion predicated on that ground on for hearing and by not raising it at the pretrial conference. The defendants insist that the pretrial statement may not be given that effect so long as it does not expressly limit or eliminate the mentioned defense set up in their previously filed answer.

We agree with plaintiff's contention. One of the purposes of pretrial conference, expressed in the rule, is to simplify, narrow and limit the issues. The rule provides that the pretrial statement shall control the subsequent course of the action or proceedings. *Jenkins* v. *Devine Foods, Incorporated,* 3 NJ 450 (70 A2d 736, 22 ALR2d 593), involved pretrial procedure under New Jersey's former Rule 3:16, which, in its material aspects, reads very much like our own Rule No 35. In reversing the trial court's judgment for plaintiff because of its failure to limit the trial to issues contained in the pretrial statement, the New Jersey court held that the pretrial

statement controls the course of the trial and reserves no issue presented by the pleadings but not restated in the pretrial statement.

If the purposes of pretrial conference, including the limiting of issues, are to be accomplished, the pretrial statement must be given the effect specified in the rule, namely, to control the subsequent course of the action. It follows that issues not stated therein must be considered eliminated even though raised in the pleadings; and the issues as thereby limited must be taken as the only issues for trial unless the statement is modified at or before trial to prevent manifest injustice, as provided in the rule. No such modification occurred in this case. Furthermore, defendants' course of action with respect to the defense in question, not only at pretrial but during the entire period between the time plaintiff furnished them with the second statutory sworn statement on June 15, 1955, and the time of trial in April, of 1956, could only have led plaintiff and the court to believe that it had been abandoned. Under the circumstances, a refusal to permit such defense to be considered at trial could hardly have been considered to be a manifest injustice which needed to be prevented by modification of the pretrial statement at time of trial had it been requested. This view is heightened by indications in the opinion in *Barnard v. McLeod, supra,* relied upon by defendants and the trial court, where plaintiff never furnished defendant with the statutory sworn statement at all, to the effect that such failure is not necessarily jurisdictional but only suspends the right to recover until the statement is furnished, and by the realization that in the instant case plaintiff, at defendants' request, did furnish the latter with the statement within a few days after suit commenced.

Judgment reversed and case remanded for new trial on issues framed by the pretrial statement. Costs of this appeal to plaintiff.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.