GERALD E. WALTERS, ELEANOR M. WALTERS AND MARGARET ANN WALTERS, APPELLANTS, v. NEVADA TITLE GUARANTY COMPANY, RESPONDENT.

No. 4852

April 28, 1965                     401 P.2d 251

*Breen, McDonald* and *Young* and *Jerry Carr White-head,* of Reno, for Appellant.

*Wilson & Hale,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

The broad question presented by this appeal is whether a trial court may enter judgment upon an issue framed by the pleadings but not mentioned as an issue in the pretrial order subsequently entered. In the circumstances of this case we have concluded that the omission of that issue (to be later described) from the pretrial order did not affect the substantial rights of the appellants. NRCP 61.[1] Accordingly, it was permissible for the

---

[1]NRCP 61 reads, "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

lower court to enter the judgment which the appellants now question.

The Walters (Gerald, Eleanor and Margaret Ann) initiated the case below. As sellers of improved real property, they brought suit against Weisel, the buyer, to compel specific performance of the contract of sale. The total purchase price was $100,000. Weisel had paid $29,000 into escrow as the down payment. Weisel answered and counterclaimed requesting the return of the down payment. Her basis for doing so was that the Walters had misrepresented material facts about the property and had thereby fraudulently induced her to purchase it. The Nevada Title Guaranty Company, the escrow agent, was not at that time a party to the action. It was added as a party some time later upon motion of Weisel, NRCP 13(h),[2] and a new pleading was filed by Weisel, adding the title company as defendant to her counterclaim. Her charge against the title company was that it had disbursed most of the down payment in violation of the escrow instructions. The title company answered Weisel, admitting the disbursement of $26,213.08 for the use and benefit of the Walters ($16,541.56 to the Bank of America to release a first deed of trust; $6,467.41 to the Bank of America to reduce another deed of trust; $3,204.11 to the Walters), denying the escrow violation, and crossclaimed against the Walters, seeking to recover the amounts so disbursed. The Walters' responsive pleading to the crossclaim of the title company simply admitted the disbursements mentioned. No charge of wrongdoing or fault was made by the Walters against the title company. A defense to the crossclaim was not asserted. At this juncture it was apparent that the central controversy was the Walters' request for specific performance of the contract of sale and Weisel's defense thereto. All assumed that the validity of the title company's claim against the Walters for the return of $26,213.08 would be automatically controlled by the outcome of the Walters v. Weisel dispute.

---

[2] NRCP 13(h) reads, "When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained."

Should the Walters win their suit for specific performance, it would follow that the disbursements made by the title company were authorized, and its crossclaim for reimbursement would fail. On the other hand, should the Walters lose to Weisel, it was assumed that the title company should recover back the moneys disbursed out of escrow for the Walters' benefit. It is within this context that the pretrial conference was held.

Following the pretrial conference, a pretrial order was entered. It was to control the subsequent course of the action, unless modified at the trial to prevent manifest injustice. NRCP 16.[3] The order did not specifically refer to the title company's contingent crossclaim against the Walters. No one objected to the form of the pretrial order, nor was it later modified. Trial occurred. The Walters and Weisel put on proof. The title company offered nothing. The Walters lost their case for specific performance. The lower court found for Weisel and entered a judgment in her favor for $29,000 plus interest recoverable from either the Walters or the title company or both of them. That judgment is not questioned on this appeal. The trial court also awarded the title company a judgment on its crossclaim against the Walters for $26,213.08 plus interest. The appeal is directed to the propriety of this award. We are asked to set it aside as unauthorized because the pretrial order had failed to mention the title company's crossclaim against the Walters as an issue in the case.

As a general proposition a pretrial order does control the subsequent course of the trial and supersedes the pleadings. Annot., 22 A.L.R.2d 599. Some courts apply this rule strictly and hold that the pleadings drop out of the case once the pretrial order is completed. King v.

---

[3]NRCP 16, in pertinent part, reads, "The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice."

Edward Hines Lumber Co., 68 F.Supp. 1019 (Ore.) ; Kolton v. Nassar, 352 Mich. 337, 89 N.W.2d 598. Others indicate that the pretrial order supersedes the pleadings only where inconsistent therewith (Shaw v. Calgon, Inc., 35 N.J.Super. 319, 114 A.2d 278; 48 Cal.Jur.2d, Trial § 33), and that issues not explicitly disposed of by the pretrial order remain for trial. Farr v. State Highway Bd., 123 Vt. 334, 189 A.2d 542. We do not now decide which view we prefer because it seems to us on this record that if error occurred it was harmless. Without question, each party to this case and the trial court assumed throughout that the title company's claim for reimbursement from the Walters was wholly controlled by the Walters v. Weisel dispute. Indeed the Walters, appellants, have never asserted by pleading or otherwise that they need not reimburse the title company if unsuccessful in compelling specific performance by Weisel. Their desire to resist the title company's claim occurred after judgment, and will not now be considered.[4]

Affirmed.

BADT, J., and ZENOFF, D. J., concur.

---

[4]The judgment for Weisel against the Walters and the title company may, according to its terms be satisfied against either or both of the judgment debtors. In view of our disposition of this appeal Weisel should recover her judgment from the title company and not from the Walters.