KENGEL v PALCO

Docket No. 78-1992. Submitted April 5, 1979, at Detroit.—Decided May 22, 1979.

Nine-year-old Sandra Kengel was burned by hot melted sugar as she was baking cookies with the daughter of John and Marilyn Palco in the Palcos' home. Sandra, by her next friend Joyce Kengel, and Frank and Joyce Kengel, for themselves, brought an action for damages against the Palcos. The defendants pled, as an affirmative defense, that the individual claims of Frank and Joyce Kengel were barred by the statute of limitations and moved for accelerated judgment. At trial, the Macomb Circuit Court, Frank E. Jeannette, J., granted the defendants' motion for accelerated judgment on the individual claims. Plaintiffs appeal, alleging that the affirmative defense had been waived by defendants' failure to notice the matter for hearing after filing the original pleadings and because the defense was not discussed at the pretrial conference nor was it mentioned in the pretrial summary. *Held:*

1. Defendants' failure to notice their motion for accelerated judgment for hearing did not result in barring the statute of limitations defense on equitable grounds.

2. The applicable court rule requires that any waiver of issues raised in the pleadings must expressly appear as such in the pretrial summary. The affirmative defense remained valid at the time of trial.

Affirmed.

1. TRIAL — PLEADING — NOTICE OF HEARING — COURT RULES.

Failure of a defendant who has pled the affirmative defense of the operation of the statute of limitations to notice the matter for hearing prior to trial does not bar the defendant from pursuing the issue at trial because the court rule which provides for notice of hearing on the issue is discretionary in nature, containing no mandatory requirement that a party proceed by notice of hearing on the issue (GCR 1963, 116.3).

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 6.
[2] 61 Am Jur 2d, Pleading §§ 364, 365.

2. TRIAL — PLEADING — PRETRIAL CONFERENCE — COURT RULES.

> An issue validly raised in the pleadings may be raised at trial unless the issue has been expressly waived at the pretrial conference (GCR 1963, 301.3).

*Sheikh & Grech* (by *Thomas C. Taylor*), for plaintiffs.

*Hibbs, Lewis & Golden, P.C.* (by *Terry S. Welch* and *George R. Lewis*), for defendant.

Before: BEASLEY, P.J., and ALLEN and D. C. RILEY, JJ.

D. C. RILEY, J. Plaintiffs Frank and Joyce Kengel appeal a May 5, 1978, order granting defendants' accelerated judgment dismissing their individual derivative claims by operation of the statute of limitations.

Suit originated as the result of money expended (and for future expenses) for the medical care and treatment of plaintiffs' 9-year-old daughter, who sustained third-degree burns to her leg caused by hot melted sugar which was spilled as she and defendants' daughter, apparently unsupervised, were baking sugar cookies in defendants' kitchen. The incident in question occurred on January 14, 1971.

Pursuant to plaintiffs' complaint filed February 20, 1975, defendants responded by answer which, under a section entitled "SPECIAL AND AFFIRMATIVE DEFENSES" stated:

"That the claims asserted by Frank Kengel and Joyce Kengel, individually, are bared *[sic]* by the statute of limitations and defendants moved for accelerated judgment."

Said motion was not noticed for hearing.

Thereafter, counsel for both sides submitted pretrial statements which made no mention of the statute of limitations issue. A pretrial conference was held at which plaintiffs' attorney did not appear. Defendants' motion was never discussed at conference; furthermore, the trial court's summary made no mention of defendants' affirmative defense. On March 29, 1978, before trial, but after the jury was selected and empaneled, defendants moved for accelerated judgment as to the plaintiff parents' derivative claim. In response, plaintiffs' counsel did not argue that the claim was not barred by the statute of limitations, but rather maintained that the defense was waived by virtue of its omission from the trial court's pretrial summary report. The lower court granted defendants' motion, and plaintiffs appeal.

At the outset we note that plaintiffs concede in brief that their derivative cause of action is barred by the limitations statute pursuant to the doctrine enunciated in *Walter v Flint,* 40 Mich App 613; 199 NW2d 264 (1972).[1] The sole thrust of their appeal concerns defendants' purported waiver through the pretrial process of their affirmative defense upon which accelerated judgment was granted, and to this we direct our attention.

There is no dispute that defendants did properly raise the statute of limitations in their first responsive pleading. Plaintiffs allege, however, that defendants failed to notice the matter for hearing prior to the time of trial, and thus should be barred from pursuing the issue under the equitable doctrine of laches. We find no merit in this

[1] Therein this Court held that a parents' claim for damages for medical expenses resulting from injuries to a child is a separate and independent cause of action, and therefore is not entitled to an extension of the statute of limitations given a child during its infancy. See MCL 600.5851; MSA 27A.5851.

contention, inasmuch as the notice of hearing provision in GCR 1963, 116.3 is entirely discretionary in nature, and contains no mandatory requirement that either party so proceed.

In addition, GCR 1963, 301.3 reads as follows:

"Pretrial summary. The judge shall prepare, file, and cause to be served upon the attorneys of record, at least 10 days in advance of trial a summary of the results of the pretrial conference specifically covering each of the items herein stated. The summary of results controls the subsequent course of the action unless modified at or before trial to prevent manifest injustice. The court may provide by rule a pretrial calendar on which actions may be placed for consideration and may also by rule amplify or modify the pretrial procedure as herein provided in the furtherance of justice but not in conflict with these rules. *No party shall be deprived of the right to present competent proof at the trial in support of any issues raised in the pleadings unless such issues have been expressly waived at the pretrial conference and such waiver is recorded in the said summary of results.*" (Emphasis supplied.)

Plaintiffs place principal reliance on the Supreme Court's opinion in *Kolton v Nassar,* 352 Mich 337, 340-341; 89 NW2d 598 (1958), wherein it was stated:

"Plaintiff contends that the pretrial statement simplified and narrowed the issues, excluding defenses not therein mentioned and particularly the defense asserted in defendants' answer relating to plaintiff's failure to furnish the sworn statement before suit. This defense plaintiff says the defendants, in effect, abandoned before trial by never bringing their motion predicated on that ground on for hearing and by not raising it at the pretrial conference. The defendants insist that the pretrial statement may not be given that effect so long as it does not expressly limit or eliminate the mentioned defense set up in their previously filed answer.

"We agree with plaintiff's contention. One of the purposes of pretrial conference, expressed in the rule, is to simplify, narrow and limit the issues. The rule provides that the pretrial statement shall control the subsequent course of the action or proceedings.

\* \* \*

"If the purposes of pretrial conference, including the limiting of issues, are to be accomplished, the pretrial statement must be given the effect specified in the rule, namely, to control the subsequent course of the action. It follows that issues not stated therein must be considered eliminated even though raised in the pleadings; and the issues as thereby limited must be taken as the only issues for trial unless the statement is modified at or before trial to prevent manifest injustice, as provided in the rule. No such modification occurred in this case."

However, at the time of the decision in *Kolton,* the controlling Court Rule No 35, § 4, stated that:

"In any action or proceeding the court may in its discretion direct the attorneys for the parties to appear before the court for a conference to consider the simplification of the issues, the necessity or desirability of amendments, the possibility of obtaining admissions of fact and admissions as to documents, the limitation of the number of expert witnesses, the advisability of references permitted by Rule 46, § 5, and such other matters as may aid in the disposition of the action or proceeding. The court shall file, and cause to be served upon the attorneys who appeared at the conference, a statement or summary of the results of the conference, which statement shall control the subsequent course of the action or proceedings unless modified at or before the trial to prevent manifest injustice. Any holding of the court to which proper objection is made may be reviewed on final appeal." Court Rule No 35, § 4 (1945).

The *Kolton* opinion was issued on April 15, 1958. Two days later, an amended version of Rule 35, § 4 was adopted, which read in pertinent part:

"The summary of results controls the subsequent

course of the action unless modified at or before trial to prevent manifest injustice. *No party shall be deprived of the right to present competent proof at the trial in support of any issues raised in the pleadings unless such issues have been expressly waived at the pretrial conference and such waiver is recorded in the said summary of results."* (Emphasis supplied.)

This amended version served as the basis for the present GCR 1963, 301.3. Thus, any reliance placed on the *Kolton* decision is misplaced in view of the change in the language of the applicable court rule. At present, GCR 1963, 301.3 is explicit in requiring that any waiver of issues raised in the pleadings must expressly appear as such in the pretrial summary. Such an approach was followed by the Court in *Butler v Raupp,* 65 Mich App 20, 23-24; 236 NW2d 748 (1975):

"Defendants Scollin further argue that the negligent entrustment claim was not in issue at trial because there was no mention of it in the pretrial summary. It is true that the pretrial summary controls the course of the trial unless modified. But, as GCR 1963, 301.3 states:

" 'No party shall be deprived of the right to present competent proof at the trial in support of any issues raised in the pleadings unless such issues have been *expressly* waived at the pretrial conference'. (Emphasis added.)

"There being no indication that the plaintiff expressly waived adjudication of the negligent entrustment issue at pretrial conference, there is nothing to preclude him from raising such issue at trial."

The holding in *Butler* is equally applicable to the case at bar. The absence of an express waiver of the statute of limitations issue from the pretrial summary resulted in the continued validity of defendants' affirmative defense. Plaintiffs' allega-

tion that GCR 1963, 301.1(2)[2] mandates that defendants raise their defense at the pretrial conference is poorly founded, inasmuch as the record discloses their own attorney waived appearance at that time. Moreover, plaintiffs' claim of unfair surprise is also untenable. Although counsel was substituted prior to trial, mere reference to the pleadings, containing the properly raised defense, would constitute sufficient notice of defendants' claim.

Affirmed. Costs to defendants.

[2] ".1 Scope of Conference. In every contested civil action the court shall direct the attorneys for the parties to appear before it for a conference to

\* \* \*

"(2) hear and determine all pending defenses filed under Rule 116 and motions which should be disposed of before trial; and determine whether a jury trial shall be had pursuant to demand, if any, theretofore made;" GCR 1963, 301.1(2).