## METZ v PROVIDENCE HOSPITAL

Docket No. 79101. Submitted April 17, 1985, at Detroit.—Decided October 15, 1985.

David Metz died after being treated for burns to his arm at Providence Hospital. Lori Metz, as administratrix of David's estate, filed a medical malpractice action in Oakland Circuit Court against Providence Hospital, N. Salem, M.D., A. Lobo, M.D. and Oakland E.R. Physicians, P.C. Defendant hospital brought a motion to compel arbitration and for accelerated judgment alleging that the decedent executed a valid arbitration agreement depriving the circuit court of subject-matter jurisdiction. Plaintiff brought a motion to set aside the arbitration agreement and for an evidentiary hearing. The trial court, David F. Breck, J., finding the arbitration agreement to be valid, granted defendant's motion for accelerated judgment and denied plaintiff's motion. Plaintiff appealed as of right. *Held:*

1. The former court rule for accelerated judgment provided both the moving party and the opposing party a right to an evidentiary hearing to determine facts in dispute. Plaintiff neither admitted nor denied that the arbitration agreement was prepared, presented and executed pursuant to the statute. Because no response was required to defendant's motion for accelerated judgment, plaintiff never conceded the factual issue on which the motion for accelerated judgment rested. Since all factual issues were not resolved, plaintiff had a right to an evidentiary hearing.

2. Where the validity of a medical arbitration agreement is at issue, the plaintiff has a right to an evidentiary hearing before a motion for accelerated judgment may be granted.

3. The former court rule for accelerated judgment did not require that a motion for an evidentiary hearing be filed nor did it impose a limit on the time within which a party must

REFERENCES

Am Jur 2d, Judgments §§ 425, 970-976.

Am Jur 2d, Motions, Rules, and Orders §§ 1, 4-28.

See the annotations in the ALR3d/4th Quick Index under Motions; Judgments.

request a hearing. Plaintiff was entitled to an evidentiary hearing upon filing a notice of hearing.

Reversed and remanded.

1. Motions and Orders — Accelerated Judgment — Evidentiary Hearing.

A court rule for accelerated judgment provided that when a motion for accelerated judgment is made, both the moving party and the opposing party have the right to an evidentiary hearing to determine facts in dispute (GCR 1963, 116).

2 Motions and Orders — Accelerated Judgment — Arbitration — Medical Malpractice.

A plaintiff has a right to an evidentiary hearing before a motion for accelerated judgment may be granted where the validity of a medical arbitration agreement is at issue.

3. Motions and Orders — Accelerated Judgment — Evidentiary Hearing.

A court rule for accelerated judgment did not require that a party requesting an evidentiary hearing file a motion for the hearing; the party was entitled to an evidentiary hearing upon filing a notice of hearing (GCR 1963, 116).

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiff.

*Kitch, Saurbier & Drutchas, P.C.* (by *Susan Healy Zitterman* and *Stephen M. Kelley*), for defendant Providence Hospital.

*Barbier, Goulet, Petersmarck, Tolleson, Mead & Paige, P.C.* (by *Ralph W. Barbier, Jr., Meria E. Larson* and *Thomas H. Hill*), for defendants Salem, Lobo and Oakland E.R. Physicians, P.C.

Before: D. E. Holbrook, Jr., P.J., and Beasley and C. W. Simon, Jr.,* JJ.

Per Curiam. Plaintiff appeals as of right from an order denying her motion to set aside an arbi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tration argeement and for an evidentiary hearing. Accelerated judgment was granted for defendants on the ground that a valid arbitration agreement existed pursuant to the Medical Malpractice Arbitration Act, MCL 600.5040 *et seq.;* MSA 27A.4040 *et seq.,* and that therefore the circuit court lacked subject-matter jurisdiction.

On September 6, 1977, plaintiff's decedent was treated at Providence Hospital for a burn he received to his arm while working on the radiator of his car. On September 7, 1977, after a second treatment, Mr. Metz was found dead. Plaintiff filed this suit on June 26, 1979, alleging medical malpractice.

On May 21, 1983, defendant Providence Hospital filed a motion to compel arbitration and for accelerated judgment on the ground that David Metz had executed a valid arbitration agreement on September 6, 1977, in connection with his treatment at Providence Hospital. The motion stated *inter alia:*

"2. That said plaintiff executed a valid Arbitration Agreement, dated September 6, 1977 (a copy of which is attached hereto and made a part hereof).

"3. That said Arbitration Agreement was prepared, presented and executed pursuant to the provisions of MCLA 600.5040 *et seq.* (Michigan Medical Malpractice Arbitration Act)."

On July 3, 1980, plaintiff filed a response, answering paragraphs 2 and 3 as follows:

"2. Plaintiff denies for the reason that the medical malpractice arbitration statute is unconstitutional, and that, therefore, the document purported to be an 'Arbitration Agreement' is null, of no force, and therefore not binding on the plaintiff herein.

"3. Plaintiff neither admits nor denies."

An order was not entered until October 5, 1983. It was signed by Oakland County Circuit Court Judge Fred M. Mester and stated in part:

"This Court has under advisement a motion compelling arbitration in this case. *This issue turns on whether or not this Court finds the Medical Malpractice Arbitration Act valid.* Plaintiff signed an agreement to arbitration and waiver of jury trial pursuant to MCLA 600.5040 *et seq.* Now, Plaintiff seeks to litigate this matter, and not go to arbitration. The Medical Malpractice Arbitration Act has been attacked on a number of grounds and the courts have split on the question of validity of the Act. The Supreme Court granted leave to appeal on two (2) of the cases decided by the Court of Appeals, *Morris v Metriyakool,* 107 Mich App 110 (1981) and *Jackson v Detroit Memorial Hospital,* 110 Mich App 202 (1981). Since oral arguments were heard on this appeal in March of 1983, this Court sees no value in making any determination regarding the validity of the Act. Thus, this Court orders that the proceedings in this case be stayed pending the opinion of the Supreme Court regarding the validity of the Act." (Emphasis added.)

On March 1, 1984, the Supreme Court issued its opinion in *Morris v Metriyakool,* 418 Mich 423; 344 NW2d 736 (1984), upholding the validity of the Medical Malpractice Arbitration Act. Providence then requested a ruling on the motion to compel arbitration. At a pretrial conference on April 6, 1984, held before Judge David F. Breck, to whom the case had been reassigned, the judge apparently indicated that any motion by plaintiff to set aside the arbitration agreement and for an evidentiary hearing was to be *heard* within 30 days of the pretrial conference. Plaintiff filed the motion on May 3, 1984, but it was not heard until May 16, 1984. Judge Breck denied plaintiff's motion, stating that it was not heard timely and that in the

order staying the proceedings plaintiff had failed to preserve any issue other than the constitutionality of the act.

GCR 1963, 116.3 provided that when a motion for accelerated judgment is made, both the moving party and the opposing party have the right to an evidentiary hearing to determine facts in dispute. In this case, plaintiff neither admitted nor denied that the arbitration agreement was prepared, presented and executed pursuant to the act. GCR 1963, 111.5 provided that averments in a pleading to which no responsive pleading is required shall be taken as denied or avoided. Because no response was required to defendants' motion for accelerated judgment (see GCR 1963, 110.1), we find that plaintiff never conceded the factual issue on which the motion for accelerated judgment rested.

Defendant hospital contends that plaintiff's 1980 response opposed arbitration on the single legal ground that the Medical Malpractice Arbitration Act was unconstitutional and waived the right to address other issues. Such a contention misconstrues GCR 1963, 116. Nothing in it required a plaintiff to list all "defenses" to the defenses raised by a defendant in a motion for accelerated judgment. Under GCR 1963, 110.1, plaintiff had no duty to respond to the motion, much less a duty to raise every possible issue of contention.

Defendants also attach undue importance to a statement in the stay order: "This issue [i.e., to compel arbitration] turns on whether or not this Court finds the Medical Malpractice Arbitration Act valid." We do not feel the circuit court intended to preclude plaintiff from addressing factual issues, as such a ruling would have been erroneous. Since all factual issues had not been resolved, plaintiff had a right to an evidentiary

hearing. *Erickson v Goodell Oil Inc,* 384 Mich 207, 213; 180 NW2d 798 (1970). Recently, this Court has held that when the validity of a medical arbitration agrement is at issue, the plaintiff has a right to an evidentiary hearing before a motion for accelerated judgment may be granted. *May v St Luke's Hospital,* 139 Mich App 452; 363 NW2d 6 (1984); *Aluia v Harrison Community Hospital,* 139 Mich App 742; 362 NW2d 783 (1984).

Finally, we attach little importance to the fact that the circuit court judge's order was based partially upon plaintiff's failure to have her motion *heard* within 30 days. GCR 1963, 116.3 stated: "Any defense or objection raised under this rule whether in a responsive pleading or by motion, *may be noticed for hearing by either party as if raised by motion."* (Emphasis added.) Thus, plaintiff was entitled to an evidentiary hearing by filing a notice of hearing. GCR 1963, 116.3 did not require that a motion for hearing be filed nor does it impose a limit on the time within which a party must request an evidentiary hearing. See *Kengal v Palco,* 90 Mich App 338; 282 NW2d 312 (1979). Also, plaintiff's failure to press the factual issues while the constitutional issues were being contested in this Court and the Supreme Court does not preclude plaintiff from now seeking resolution of the factual issues. *Kengal, supra.*

Reversed and remanded for proceedings not inconsistent with this opinion.