130 Nev., Advance Opinion |

IN THE SUPREME COURT OF THE STATE OF NEVADA

RECONTRUST COMPANY, N.A.;
COUNTRYWIDE HOME LOANS, INC.,
A NEW YORK CORPORATION;
NATIONAL TITLE CO., A NEVADA
CORPORATION; AND SILVER STATE
FINANCIAL SERVICES, INC., A
NEVADA CORPORATION,
Appellants/Cross-Respondents,
vs.
LANLIN ZHANG,
Respondent/Cross-Appellant.

No. 58602

FILED

JAN 3 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

Appeal and cross-appeal from judgment and orders entered following reversal and remand by a panel of this court in a real property dispute. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

*Vacated and remanded.*

Gerrard Cox & Larsen and Douglas D. Gerrard and Sheldon A. Herbert, Henderson,
for Appellants/Cross-Respondents.

Marquis Aurbach Coffing and Scott A. Marquis, Micah S. Echols, and Tye S. Hanseen, Las Vegas,
for Respondent/Cross-Appellant.

BEFORE THE COURT EN BANC.[1]

## *OPINION*

By the Court, PICKERING, J.:

This real property dispute returns to this court for the third time. We vacate and remand for the district court to decide the lender's equitable subrogation claim, which neither the trial nor the prior appeals resolved.

### I.

This dispute grows out of a contract giving respondent Lanlin Zhang the right to buy Frank Sorichetti's house (the Property). Sorichetti reneged, so Zhang sued him for specific performance and recorded a lis pendens against the Property. Sorichetti moved to dismiss and to expunge Zhang's lis pendens; the district court granted his motions. Zhang successfully petitioned this court for a writ of mandamus directing the district court to reinstate Zhang's complaint and vacate its expungement order. *Zhang v. Eighth Judicial Dist. Court (Zhang I)*, 120 Nev. 1037, 103 P.3d 20 (2004), *abrogated in part by Buzz Stew, L.L.C. v. City of N. Las Vegas*, 124 Nev. 224, 228 n.6, 181 P.3d 670, 672 n.6 (2008).[2]

Months later, someone (the parties suspect Sorichetti) recorded the district court's nullified order of dismissal and expungement,

---

[1]The Honorable Ron D. Parraguirre, Justice, voluntarily recused himself from participation in the decision of this matter.

[2]The case was assigned to and decided by a different district judge than the judge who rendered the order underlying this appeal.

giving the document a new title: "Release of Lis Pendens." Sorichetti then applied to appellant Countrywide for a $705,000 loan.[3] Before making the loan, Countrywide conducted a title search, which revealed both the lis pendens and the "Release." Countrywide accepted the "Release" as proof that the Property was no longer in litigation and loaned Sorichetti $705,000. Countrywide secured its loans by recording first and second deeds of trust against the Property. Of the amount loaned, $281,090.12 went to retire the preexisting mortgage debt. Sorichetti pocketed the balance and disappeared.

Sorichetti defaulted and Countrywide initiated foreclosure. When Zhang learned about the pending foreclosure, she amended her complaint to join Countrywide and add claims for declaratory judgment, negligence, slander of title, and to quiet title. Eventually, the district court entered default judgment against Sorichetti and ordered him to convey the Property to Zhang for the agreed-upon purchase price ($532,500) less damages due Zhang from Sorichetti ($262,868.31). But Zhang could not complete the purchase because of Countrywide's deeds of trust.

The district court conducted a bench trial on the dispute between Zhang and Countrywide. Before trial, the parties submitted a joint pretrial memorandum. The memorandum identified the "principal

---

[3]Refinancing was provided by appellant Silver State Financial Services, Inc., who assigned the notes and deeds of trust to its co-appellant Countrywide Home Loans, Inc. The third appellant, National Title Company, performed the title search. The parties do not differentiate among the appellants/cross-respondents in addressing the issues presented by this appeal and, for simplicity's sake, we refer to the appellants/cross-respondents collectively as Countrywide.

legal issue" as the validity and effect of Zhang's lis pendens. The parties stipulated "that Countrywide paid off prior loans against the Property in the amount of $230,864.29 and $50,225.83" and identified as an additional legal issue "[w]hether Countrywide is entitled to equitable subrogation in the amount of $281,090.12," the combined paid-off sum.

The district court ruled in Countrywide's favor without reaching equitable subrogation. It held that the ostensibly released lis pendens did not give Countrywide actual or constructive notice of Zhang's specific performance claim against Sorichetti. Thus, Countrywide's deeds of trust had priority for the full $705,000 they secured. Since the $705,000 included the $281,090.12 that retired the preexisting mortgage debt against the Property—the object of Countrywide's equitable subrogation claim—the district court did not need to decide that issue, and it didn't. It struck the equitable-subrogation references in the draft findings of fact and conclusions of law Countrywide submitted. It also denied Zhang's claims for negligence, slander of title, and to quiet title and awarded costs to Countrywide.[4]

Zhang appealed, and her appeal was heard by a three-judge panel of this court. The panel found no merit in Zhang's contention that the district court erred in rejecting Zhang's negligence and slander-of-title claims, but reversed as to Zhang's declaratory and quiet-title claims and costs. *Zhang v. Recontrust Co., N.A.* (*Zhang II*), Docket Nos. 52326/52835

---

[4]The district court rejected Zhang's negligence claim on the basis that she failed to establish the standard of care required to perform a "skillful and diligent title search and, further, whether a breach [of duty] occurred." It rejected her slander-of-title claim because she did not prove that Countrywide's deeds of trust were maliciously recorded.

(Order of Reversal and Remand, February 26, 2010). It held that Zhang's lis pendens put Countrywide on inquiry notice as to Zhang's suit against Sorichetti. Thus, the panel accepted Zhang's argument that "the district court erred in . . . concluding that Zhang's lis pendens should not be given priority over [Countrywide's] deeds of trust." *Id.* "Since it was error for the district court to conclude that the deeds of trust had priority over the lis pendens," the *Zhang II* panel wrote, "the district court's determination that title could not be quieted in Zhang's name because of the priority of the deeds of trust on the Property was also error." *Id.* The order and remittitur in *Zhang II* state that we "ORDER the judgment of the district court REVERSED and REMAND this matter to the district court for proceedings consistent with this order." *Id.*

Both sides filed petitions for panel rehearing and, when these were denied, for en banc reconsideration. Zhang challenged the panel's rejection of her negligence and slander-of-title claims, while Countrywide challenged the panel's decision that the lis pendens gave it constructive notice of Zhang's specific performance claim against Sorichetti. The parties questioned a footnote in *Zhang II* that stated, "Because we order the district court's judgment reversed, we vacate the district court's award of costs. We therefore remand to the district court to make a determination of whether attorney fees and costs are appropriate *pending the outcome of the new trial.*" *Id.* (emphasis added). They asked the court to clarify the "new trial" the footnote alluded to.

The en banc court denied reconsideration, over Justice Hardesty's dissent. In doing so, it modified the questioned footnote to delete the reference to a "new trial." As modified, the footnote read: "We therefore remand this matter to the district court to determine whether

attorney fees and costs are appropriate in light of this order." *Zhang v. Recontrust Co., N.A.*, Docket Nos. 52326/52835 (Order Denying En Banc Reconsideration and Modifying Prior Order, November 17, 2010). Otherwise, the en banc court left the panel order unchanged.

On remand, Countrywide asked the district court for a decision on equitable subrogation. The district court acknowledged the undecided equitable subrogation claim but stated that it did not "feel it [could] award equitable subrogation [since] it was not given jurisdiction to do so by the Supreme Court's Decision reversing and remanding this matter." The district court then entered judgment as follows: "Upon recordation of this Judgment, Lanlin Zhang shall be recognized in all official records as the owner of [property address]." The court also awarded most of what Zhang requested in fees and costs.

Countrywide filed a motion to alter or amend the judgment. It argued that not granting equitable subrogation meant that Zhang acquired the Property without paying off the debt to which it already was subject when she agreed to buy it. The district court pondered why "a person should get a free home." But it reiterated that, since the panel order did not give "any guidance as to how to handle the equitable subrogation issue whatsoever," it felt constrained to deny relief.

Countrywide appealed and Zhang cross-appealed.[5]

---

[5]Zhang argues that this court lacks jurisdiction because Countrywide filed an untimely notice of appeal. This argument lacks merit. As a motions panel of this court previously held, Countrywide filed a timely NRCP 59 motion which tolled the time for filing its appeal. *See* NRAP 4(a)(4). We also deny Countrywide's motion to strike Zhang's supplemental authorities.

## II.

### A.

Nevada recognizes the doctrine of equitable subrogation as formulated in section 7.6 of the Restatement (Third) of Property: Mortgages (1997). *Am. Sterling Bank v. Johnny Mgmt. LV, Inc.*, 126 Nev. ___, ___, 245 P.3d 535, 539 (2010). Equitable subrogation "permits 'a person who pays off an encumbrance to assume the same priority position as the holder of the previous encumbrance,'" *Houston v. Bank of Am. Fed. Sav. Bank*, 119 Nev. 485, 488, 78 P.3d 71, 73 (2003) (quoting *Mort v. United States*, 86 F.3d 890, 893 (9th Cir. 1996)), so long as the payor (1) "reasonably expected to receive a security interest in the real estate with the priority of the mortgage being discharged, and [(2)] subrogation [does] not materially prejudice the holders of intervening interests in the real estate." Restatement (Third) of Prop.: Mortgages § 7.6(b)(4). "The payor is subrogated only to the extent that the funds disbursed are actually applied toward payment of the prior lien. There is no right of subrogation with respect to any excess funds." *Id.* cmt. e.

Applying these principles to this case, Countrywide had a strong equitable subrogation position. It loaned Sorichetti $705,000, part of which paid off preexisting debt against the Property in the stipulated amount of $281,090.12. This left it to the district court to decide the other equitable-subrogation factors—Countrywide's reasonable expectations and the cognizable prejudice to Zhang of crediting Countrywide's position. *See Am. Sterling Bank*, 126 Nev. at ___, 245 P.3d at 539-41. But the district court did not decide equitable subrogation because it resolved the case on other, later-reversed grounds.

Although Zhang argues otherwise, Countrywide adequately raised equitable subrogation in the district court. The joint pretrial memorandum, submitted before trial pursuant to NRCP 16 and EDCR 2.67, stipulated without qualification or objection from Zhang that equitable subrogation was a legal issue in the case. *See* EDCR 2.67(b)(8) (the joint pretrial memorandum shall include a statement "of each principal issue of law which may be contested at the time of trial [and] include with respect to each principal issue of law the position of each party"); *cf. Walters v. Nev. Title Guar. Co.*, 81 Nev. 231, 234, 401 P.2d 251, 253 (1965) ("As a general proposition a pretrial order . . . control[s] the subsequent course of the trial and supersedes the pleadings."). Thus, as the district court acknowledged, equitable subrogation was legitimately in play, at least up until *Zhang II*.

### B.

The question we must decide is *Zhang II*'s impact on Countrywide's equitable subrogation claim. The district court took *Zhang II* as, *sub silentio*, rejecting equitable subrogation in favor of granting unencumbered title to Zhang. This reads more into the *Zhang II* proceedings and our law-of-the-case doctrine than either can sustain.

The law-of-the-case doctrine "refers to a family of rules embodying the general concept that a court involved in later phases of a lawsuit should not re-open questions decided (i.e., established as law of the case) by that court or a higher one in earlier phases." *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir. 1995). Normally, "for the law-of-the-case doctrine to apply, the appellate court must actually address and decide the issue explicitly or by necessary implication." *Dictor v. Creative Mgmt. Servs., L.L.C.*, 126 Nev. ___, ___, 223 P.3d 332,

SUPREME COURT
OF
NEVADA

(O) 1947A

8

334 (2010); *see Wheeler Springs Plaza, L.L.C. v. Beemon*, 119 Nev. 260, 266, 71 P.3d 1258, 1262 (2003) ("The doctrine only applies to issues previously determined, not to matters left open by the appellate court."). "Subjects an appellate court does not discuss, because the parties did not raise them, do not become the law of the case by default." *Bone v. City of Lafayette, Ind.*, 919 F.2d 64, 66 (7th Cir. 1990), *quoted with approval in Dictor*, 126 Nev. at ___, 223 P.3d at 334.

*Zhang II* did not decide equitable subrogation explicitly or by necessary implication. Zhang appealed the district court's conclusion that her lis pendens did not give Countrywide notice of her suit against Sorichetti, such that its deeds of trust had complete priority over her claim to specific performance. She also appealed the district court's rejection of her quiet title, negligence, and slander-of-title claims. Because the district court did not reach much less resolve equitable subrogation, the *Zhang II* briefs did not discuss it. And consistent with the general rule against considering matters not raised in the briefs, *see Fanders v. Riverside Resort & Casino, Inc.*, 126 Nev. ___, ___ n.2, 245 P.3d 1159, 1163 n.2 (2010), the panel did not discuss equitable subrogation either.

Nor did *Zhang II* reject equitable subrogation by necessary implication. To be sure, the panel in *Zhang II* discussed Zhang's quiet-title claim in broad and expansive terms. But the panel assumed that, if Zhang's lis pendens gave Countrywide constructive notice of her specific performance claim, its deeds of trust would be wholly subordinate to her right to purchase. "A position that has been assumed without decision for purposes of resolving another issue is not the law of the case." 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal*

SUPREME COURT
OF
NEVADA

(O) 1947A

9

*Practice and Procedure* § 4478 (2d ed. 2002). The panel's reference to quieting title in Zhang was a description of her claim, not a disposition of the unmentioned equitable subrogation claim. *See Snow-Erlin ex rel. Estate of Erlin v. United States*, 470 F.3d 804, 808 (9th Cir. 2006) (holding that reference in the decision of a prior appeal in the same case to the plaintiff's claim as being for negligence, not false imprisonment, was descriptive not dispositive and did not establish law of the case for purposes of a later challenge to subject matter jurisdiction under the Federal Tort Claims Act, which waives the federal government's sovereign immunity for negligence but not false imprisonment claims).

## C.

Zhang next argues that Countrywide could and should have asserted equitable subrogation *defensively* in its answering brief in *Zhang II* and that Countrywide's omission supports the judgment in her favor. In effect, she invokes the "common . . . rule that a question that could have been but was not raised on one appeal cannot be resurrected on a later appeal to the same court in the same case." *Wright, Miller & Cooper, supra*, § 4478.6; *see United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996) ("A party cannot use the accident of a remand to raise in a second appeal an issue that he could just as well have raised in the first appeal . . . ."). Certainly, it would have been prudent for Countrywide to advise the *Zhang II* panel of its undecided equitable subrogation claim as its fallback position, so the panel could make clear that it did not express an opinion on that claim. But its failure to raise equitable subrogation in *Zhang II* did not preclude it from doing so on remand to the district court for two reasons.

First, the district court did not rule on equitable subrogation before *Zhang II*. Waiver in the law-of-the-case context "applies only when the trial court has expressly or impliedly ruled on a question and there has been an opportunity to challenge that ruling on a prior appeal." *Crocker*, 49 F.3d at 740-41 n.2. Since the district court did not decide equitable subrogation, there was no error for Countrywide to argue.

Second, Countrywide was the respondent or appellee in *Zhang II*, not the appellant. "While there are clear adjudicative efficiencies created by requiring *appellants* to bring all of their objections to a judgment in a single appeal rather than *seriatim . . .* , forcing *appellees* to put forth every conceivable alternative ground for affirmance might increase the complexity and scope of appeals more than it would streamline the progress of the litigation." *Crocker*, 49 F.3d at 740-41 (emphasis added) (also noting that an appellant seeking to persuade the court to overturn a district court ruling "enjoys the offsetting procedural benefit of filing both the opening and reply briefs," while an "appellee presenting alternative grounds for affirmance and facing a potential application of the waiver doctrine must also attack an adverse district court ruling . . . without the offsetting advantage of being able to file a reply brief"). For these reasons, courts hesitate to find waiver "where, as here, the judgment from which an appeal is taken is entirely favorable to the appellee and that party, after losing the appeal, then seeks to raise a new issue during a later appeal of an unfavorable judgment." *United States v. Moran*, 393 F.3d 1, 12 (1st Cir. 2004); *see Eichorn v. AT&T Corp.*, 484 F.3d 644, 657-58 (3d Cir. 2007); *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 954 (Fed. Cir. 1997).

The proceedings on rehearing and reconsideration in *Zhang II* do not counsel a different result. When an appellate court "declines in its discretion to rehear a case en banc after a panel orders a remand, the court retains authority to rehear the matter en banc at a subsequent stage of the proceedings." *Cottier v. City of Martin*, 604 F.3d 553, 556-57 (8th Cir. 2010). Denial of en banc reconsideration signifies that the petition does not qualify under the stringent requirements imposed by NRAP 40A, nothing more. And the deletion of the "new trial" reference in footnote 3 of *Zhang II* addressed both sides' concerns that the order seemingly *required* a new trial when, in fact, trial of all issues already occurred. Resolving equitable subrogation—an issue already tried to but not yet decided by the district court—did not require a new trial. We thus do not find a fatal inconsistency between Countrywide's positions on rehearing and later on remand.

### III.

For these reasons, we vacate the district court's judgment in favor of Zhang and remand with instructions to decide Countrywide's equitable subrogation claim on the merits and to enter final judgment accordingly. Vacating the judgment removes the predicate for the award

of fees and costs contested on cross-appeal. We therefore vacate and remand as to attorney fees and costs as well.

_____ , J.
Pickering

We concur:

_____ , C. J.
Gibbons

_____ , J.
Hardesty

_____ , J.
Douglas

_____ , J.
Cherry

_____ , J.
Saitta