*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RUCINSKI, INC., also known as RUCINSKI
CONSTRUCTION, INC.,

        Plaintiff-Appellant,

v

RANDALL H. HETZNER and ETHEL M.
HETZNER,

        Defendants-Appellees,

and

MINERS STATE BANK,

        Defendant.

UNPUBLISHED
October 29, 2024
12:08 PM

No. 367208
Iron Circuit Court
LC No. 2018-005724-CH

Before: RIORDAN, P.J., and YOUNG and WALLACE, JJ.

PER CURIAM.

In this construction-contract dispute, plaintiff, Rucinski, Inc., also known as Rucinski Construction, Inc. ("Rucinski"), appeals as of right the trial court's order granting defendants' motion for judicial admissions, entering judgment in favor of defendants Randall Hetzner and Ethel Hetzner ("the Hetzners"), and dismissing Rucinski's complaint.[1] We reverse and remand to the trial court for proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

---

[1] Miners State Bank holds a mortgage on the Hetzners' real property. In Rucinski's claim for a construction lien on the property, Miners State Bank was added as a party. However, it has taken no part in these proceedings and is not involved in this appeal.

The Hetzners hired Rucinski to build a residential house, but the project was never completed because of disagreements between the parties about the specifications of the build. Rucinski brought suit alleging two counts: a construction lien on the Hetzners' property where the residence was supposed to be built (Count I), and breach of contract for failing to pay for completed work on the project (Count II). The Hetzners filed their answer and affirmative defenses in 2018. They included a demand for reply, but Rucinski failed to respond. The Hetzners took no action based on this, and the parties continued to litigate the case.

Multiple pretrial conferences were held in July 2019, November 2019, and November 2022. The memorandum of pretrial conference for the November 2019 conference detailed that if case evaluation was unsuccessful, a supplemental pretrial conference would be held in February 2020, where all remaining issues would be addressed and a trial date would be set. The case remained in the trial court for another few years. At the final pretrial conference held in November 2022, the parties were ordered to file trial briefs by March 28, 2023, and hold another pretrial conference, without the trial court's involvement, in the second half of March 2023 for the parties to "stipulate to exhibits for trial." The parties timely filed their trial briefs, and neither party's briefs mentioned Rucinski's failure to reply to the Hetzners' answer and affirmative defenses.

The parties proceeded to a bench trial in April 2023. During trial and after Rucinski rested, the Hetzners moved for a directed verdict, where again, no reference was made to Rucinski's failure to reply to the Hetzners' answer. The Hetzners raised this issue for the first time at the hearing on their motion for a directed verdict, and the trial court expressed concern that Rucinski failed to reply to the Hetzners' answer. The trial court partially denied the Hetzners' motion for directed verdict, disagreeing with the contention that Rucinski's construction lien claim should be dismissed because Rucinski "did not file any Doing Business Under an Assumed Name with the State of Michigan . . . ." The trial court accepted Rucinski's argument that through judicial admissions, the Hetzners admitted Rucinski, Inc., and Rucinski Construction, Inc., were the same entity. The trial court also reasoned there is no requirement that a d/b/a be filed with the Michigan Department of Licensing and Regulatory Affairs (LARA). The trial court then asked the parties to brief the issue of judicial admissions instead of directing the Hetzners to move for a default judgment to give Rucinski an opportunity to cure the default. MCR 2.603(D). The trial court did not mention the previously set deadlines from the pretrial conference, which had long since passed.

The Hetzners moved in writing for judicial admissions and dismissal of the entire complaint against them, based on Rucinski's failure to reply to the answer's demand for reply. Rucinski filed a late response to the Hetzners' answer, which the Hetzners argued was improper because it came 30 days after Rucinski rested at trial, and effectively allowed Rucinski to amend pleadings after concluding its case in chief. Given that Rucinski had failed to deny the Hetzners' answer in a responsive pleading within 21 days, MCR 2.108(a)(5), the Hetzners argued that Rucinski had admitted to the entire answer, thereby warranting dismissal of all claims without any further fact finding. The trial court agreed, granted the motion for judicial admissions, and dismissed the complaint. Rucinski now appeals.

-2-

## II.  ANALYSIS

## A.  PRESERVATION AND ISSUE ABANDONMENT

"In civil cases, Michigan follows the raise or waive rule of appellate review." *Tolas Oil & Gas Expl Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090); slip op at 2 (quotation marks and citation omitted).  "Under that rule, litigants must preserve an issue for appellate review." *Id*.  For an issue to be preserved for appellate review, it must be raised in or addressed by the trial court. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020).  During oral argument on the Hetzners' motion for a directed verdict, the Hetzners argued for the first time that Rucinski failed to reply to their answer and demand for reply.  Rucinski responded, arguing the Hetzners never raised this argument in their motion for a directed verdict.  Rucinski went on to say:

> And here I stand again with a case that's been lasting five years and I'm supposed to respond to that today?  It's not even in his brief, ah, or his motion.  So, we get off on these tangents that should have been raised.  I mean this case is five years old.

These comments were in reference to the untimeliness of the Hetzners' argument regarding judicial admissions, which were not raised during discovery or at any pretrial conferences.

On appeal, Rucinski argues that the trial court erred by granting the Hetzners' motion for judicial admissions and dismissing the entire complaint.  Rucinski advances a number of arguments in support, but critically, fails to fully develop on appeal its argument made in the trial court that the Hetzners' judicial-admissions argument was untimely.  Rucinski's brief on appeal makes only a cursory reference to the untimeliness of the Hetzners' argument: "If the procedure adopted by the Trial Court in this matter is upheld, then issues of failure to file a responsive pleading will be allowed to be put off until the trial begins and then dealt with as judicial admissions in order to circumvent the due process procedures afforded the parties under the default rules."

Rucinski's brief lacks citation to any legal authority in support of this argument, which renders the issue abandoned on appeal.  "However, even if a party abandons an issue by failing to support it with sufficient authority, a reviewing court may nevertheless consider the issue." *Bitterman v Village of Oakley*, 309 Mich App 53, 66; 868 NW2d 642 (2015).  Thus, we consider the issue of the timeliness of the Hetzners' judicial-admissions argument.

## B.  STANDARD OF REVIEW

"A trial court's decision to dismiss an action is reviewed for an abuse of discretion." *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007).  "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Jilek v Stockson (On Remand)*, 297 Mich App 663, 665; 825 NW2d 358 (2012) (quotation marks and citation omitted).  "A trial court necessarily abuses its discretion when it makes an error of law." *Pirgu v United Servs Auto. Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).  Finally, we

"review de novo the interpretation of court rules . . . ." *Vyletel-Rivard v Rivard*, 286 Mich App 13, 20; 777 NW2d 722 (2009).

## C. DISCUSSION

The trial court abused its discretion when it considered the Hetzners untimely affirmative defense on licensing. It further erred when it allowed the Hetzners to supplement that same motion with the issue of judicial admissions and dismissed Rucinski's claims without further factual discovery.

"Judicial admissions are formal concessions in the pleadings in the case or stipulations by a party or its counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Hilgendorf v St John Hosp & Med Ctr Corp*, 245 Mich App 670, 689; 630 NW2d 356 (2001) (quotation marks and citation omitted). "[J]udicial admissions" are distinct from "evidentiary admissions" in that, once made, they are conclusively established unless the trial court permits a party to withdraw them. *Bailey v Shaaf*, 293 Mich App 611, 620; 810 NW2d 641 (2011), aff'd in part and rev'd in part on other grounds by 494 Mich 595 (2013). "[J]udicial admissions must be read narrowly." *Hilgendorf*, 245 Mich App at 690.

"The rules of statutory construction apply to the interpretation of court rules." *McCracken v City of Detroit*, 291 Mich App 522, 525; 806 NW2d 337 (2011). This Court has explained:

> The goal in interpreting a court rule is to give effect to the intent of the Supreme Court, the drafter of the rules. The first step in construing a court rule is to analyze the language used because the words contained in the court rule are the most reliable evidence of the drafters' intent. The provision must be considered in its entirety, and within the context of the rules, to produce a harmonious whole. . . . Ultimately, the court rules must be construed to prevent absurd results, injustice, or prejudice to the public interest. [*Id*. (quotation marks and citations omitted).]

Pertinent to this appeal are the court rules concerning pretrial procedure. MCR 2.401(A) allows the trial court to direct the parties to appear for a conference; the trial court may hold multiple conferences. At an early scheduling conference, the court "should consider any matters that will facilitate the fair and expeditious disposition of the action . . . ." MCR 2.401(B)(1). At this time, the trial court may also issue a scheduling order. Issuance of a scheduling order is not mandatory unless the trial court concludes that such an order would facilitate the progress of the case. MCR 2.401(B)(2).

Later in an action, the court may hold a final pretrial conference "to facilitate preparation of the action for trial and to formulate a trial plan." MCR 2.401(H)(2). The court may order various things be memorialized in a pretrial conference order, including in relevant part: (b) a concise statement of defendant's defenses, (d) a statement of any stipulated facts or other matters, (e) issues of fact to be litigated, (f) issues of law to be litigated, (g) evidence problems likely to arise at trial, and (q) trial briefs. "If the purposes of pretrial conference, including the limiting of issues, are to be accomplished, the pretrial statement must be given the effect specified in the rule, namely, to control the subsequent course of the action." *Kolton v Nassar*, 352 Mich 337, 341; 89

NW2d 598 (1958). The trial court's pretrial statement controls the subsequent course of action and reserves no issue presented by the pleadings but not restated in the pretrial statement. *Id*.

In this case, the trial court held multiple pretrial conferences, and memorialized their contents in multiple signed pretrial conference memoranda. Because these memoranda were signed by the trial court judge, they have the effect of an order of the court. See *Kromat v Vestevich*, 14 Mich App 291, 292; 165 NW2d 248 (1968). The second memorandum from November 2019 detailed that if case evaluation was unsuccessful, a supplemental pretrial conference would be held in February 2020, where "all remaining issues will be addressed and a firm trial date will be given." At the final pretrial conference eventually held in November 2022, the parties were ordered to file trial briefs. There is no record that a licensing defense was raised or Rucinski's failure to reply to the Hetzners' answer and demand for reply was raised in any pretrial conference or any trial brief, supplemental brief, witness list, exhibit lists, or any written pleading or motion prior to or during trial. Thus, the Hetzners were not permitted to raise these issues at trial. *Kolton*, 352 Mich at 341.

Here, when the trial court heard arguments on the motion on licensing and then judicial admissions, it ruled as though there were no other alternatives to accepting both Rucinski's judicial-admissions defense to licensing and the Hetzners judicial-admissions argument and ultimately dismissing the entire case. Just after acknowledging that the Hetzners chose to have facts judicially admitted rather than obtain a default judgement, the trial court stated:

> . . . doesn't mean it can't be done. . . . So, I'm going to find in favor of [the Hetzners]. As much as I hate to, not because I don't want to rule in front [sic] of [the Hetzners], but I – I hate the trials resolved on a procedural matter rather than on the merits of a case. But there are times when that's how cases are resolved. And no Answer was filed for the Demand for Reply therefor the allegations, including the allegation that what the Plaintiff alleged is not true, are admitted. *I don't know of any other way to do that*. [Emphasis added.]

A more appropriate remedy would have been for the trial court to direct the Hetzners to move for a default judgment, providing Rucinski with an opportunity to file a response to the motion for default judgment. MCR 2.603(A) and (D). The procedure that would follow a motion for default judgment would allow for fact finding on the specific paragraphs of the Hetzners' answer that Rucinski argues were not admissions.[2] Instead, the trial court directed the Hetzners to brief an argument they failed to timely raise before trial, allowed them to file a motion, considered the motion without any further fact finding, and dismissed the case on these grounds.[3] The trial court

---

[2] MCR 2.603(B)(3)(b)(iii) states that if it is necessary to establish the truth of an allegation by evidence, or to conduct an investigation, the trial court may conduct hearings before it enters a default judgement.

[3] The Hetzners' brief on appeal highlights that in order to avoid a directed verdict on their untimely licensing defense, Rucinski relied on a years-old filing for a judicial admission to argue that Rucinski, Inc., and Rucinski Construction, Inc., were the same entity. The Hetzners' brief on appeal argues that judicial admissions "are insignificant unless they are offered as evidence at trial or in support of a motion for summary disposition. Whatever approach is used, the admissions must be brought before the court before the close of proofs." *Radtke v Miller, Canfield, Paddock*

therefore abused its discretion in granting the Hetzners' motion for judicial admissions and dismissing the case because the Hetzners raised this argument for the first time during oral arguments on their motion for a directed verdict.

In that same vein, the trial court also erred in considering and partially denying the Hetzners' earlier motion for a directed verdict. However, because that earlier iteration of the motion raised an untimely affirmative defense, we ultimately agree that denial of the directed verdict motion was appropriate. Because we opine the trial court abused its discretion in allowing untimely arguments and defenses, which allowed it to dismiss Rucinski's claims, we decline to consider the parties' arguments raised on appeal regarding which specific paragraphs of the Hetzners' answer were admitted.

### III. CONCLUSION

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Adrienne N. Young
/s/ Randy J. Wallace

---

*& Stone*, 453 Mich 413, 421 n 7; 551 NW2d 698 (1996). Under this jurisprudence, the Hetzners argue that Rucinski's assertions regarding judicial admissions to avoid a directed verdict were untimely. We agree, and apply these principals equally to *both* parties.